UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 2:24-cv-02509-JLS-AJR                          Date: April 23, 2024
Title: Melanie Jean Taylor v. LT Hart, Inc et al

Present: **Honorable JOSEPHINE L. STATON, UNITED STATES DISTRICT JUDGE**

|  Charles Rojas  | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

Attorneys Present for Plaintiffs:                Attorneys Present for Defendant:

Not Present                                                            Not Present

**PROCEEDINGS:  (IN CHAMBERS)  ORDER TO SHOW CAUSE WHY THIS CASE SHOULD NOT BE REMANDED TO STATE COURT**

Plaintiff Melanie Jean Taylor filed this personal-injury action in San Luis Obispo County Superior Court.  (Compl., Doc. 1-1.)  Defendant L.T. Hart, Inc. removed, invoking this Court's diversity jurisdiction.  (NOR, Doc. 1.

To fall within this Court's diversity jurisdiction, an action must (1) be between "citizens of different States," and (2) have an amount in controversy that "exceeds the sum or value of $75,000."  28 U.S.C. § 1332(d).  "A defendant's notice of removal to federal court must 'contain[] a short and plain statement of the grounds for removal," including the amount in controversy.  *Moe v. GEICO Indem. Co.*, 73 F.4th 757, 761 (9th Cir. 2023) (quoting *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 87, (2014)).  Where the plaintiff's state-court complaint includes a damages demand, that amount, if made in good faith, "shall be deemed to be the amount in controversy."  *Id.* § 1446(c)(2).  Where the plaintiff's complaint "does not specify the damages sought, the defendant ordinarily may satisfy the amount-in-controversy requirement by making a plausible assertion of the amount at issue in its notice of removal."  *Moe*, 73 F.4th at 761.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 2:24-cv-02509-JLS-AJR                                              Date: April 23, 2024
Title:  Melanie Jean Taylor v. LT Hart, Inc et al

"[T]he defendant's amount-in-controversy allegation should be accepted when not contested by the plaintiff *or questioned by the court.*"  *Id.* (quoting *Dart*, 574 U.S. at 87).

Here, Plaintiff's complaint does not specify the amount of damages sought.  (*See generally* Compl.)  Indeed, Plaintiff does not even allege what injuries she experienced or what disability she believes she may suffer.  Plaintiff alleges only that she was "hurt and injured in her health, strength, and activity"; has and continues to suffer "mental, physical, and emotional distress"; and "is informed" that her "injuries will result in some permanent disability."  (*Id.* ¶ 21.)  In its Notice of Removal, Defendant makes only the conclusory assertion that the amount-in-controversy requirement is met based on "[t]he requested monetary damages demanded by Plaintiff in the Complaint."  (NOR ¶ 15.)

Therefore, the Court sua sponte questions whether the amount-in-controversy requirement is satisfied here.  *See Moe*, 73 F.4th at 761–62.  Defendant bears "the burden to show that the amount-in-controversy requirement is met by a preponderance of the *evidence*."  *Id.* at 762 (emphasis added).

Defendant is ORDERED to show cause, in writing, no later than **seven (7) days** from the date of this Order, why the Court should not remand this action to San Luis Obispo County Superior Court.  Plaintiff has **seven (7) days** thereafter to submit any response.  No further briefing is permitted.  Following submission of the parties' briefing, which shall not exceed **five (5) pages**, the matter will be deemed under submission and the Court will thereafter issue an order.

Initials of Deputy Clerk: cr